# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:05CR00059 |
| v. | **OPINION SETTING FORTH REASONS FOR SENTENCE** |
| **BRANDY LEE WYATT**, | |
| Defendant. | By: James P. Jones<br>Chief United States District Judge |

*Roy F. Evans, Jr.*, Special Assistant United States Attorney, Marion, Virginia, for United States; *Monroe Jamison, Jr.*, Abingdon, Virginia, for Defendant.

For the reasons set forth in this opinion, I find it appropriate to sentence the defendant to a sentence below the advisory guideline range.

The defendant, Brandy Lee Wyatt, pleaded guilty to two counts of a multi-defendant indictment charging her with conspiracy to manufacture 50 grams or more of methamphetamine (Count One), 21 U.S.C.A. §§ 841(b)(1)(B), 846 (West 1999 & Supp. 2005) and knowingly and intentionally creating a substantial risk of harm to human life while manufacturing methamphetamine, 21 U.S.C.A. § 858 (West 1999).

Following a sentencing hearing, I determined that the defendant had a Total Offense Level of 32 under the Sentencing Guidelines. Because I found that her prescribed Criminal History Category over-represented her actual criminal history,

*see* United States Sentencing Guidelines Manual ("USSG") § 4A1.3(b) (2005), I departed under the guidelines from Criminal History Category II to Criminal History Category I, resulting in a guideline range of imprisonment of 121 to 151 months. Based on all of the facts, I determined that an appropriate sentence for the defendant is 60 months imprisonment, which is the statutory mandatory minimum sentence. *See* 21 U.S.C.A. § 841(b)(1)(B).

I find the following facts as presented in the presentence investigation report ("PSR") and at the sentencing hearing concerning the defendant and her criminal conduct.

Brandy Lee Wyatt is 25 years old. She is the second of three children born to Allen and Linda Wyatt. She has one older sister and had a younger brother who died of an accident at a young age. No members of her immediate family have any known criminal history. She was raised in a stable domestic environment and her parents provided her with all necessities throughout her childhood and continue to love and support her. The defendant Wyatt and her entire family are lifelong residents of rural Southwest Virginia.

Wyatt has suffered from depression and anxiety since the age of 14. Mental health records indicated that she has been medically treated for these problems since she was 16 and was hospitalized for a brief period as a teenager. She is diagnosed

- 2 -

Case 1:05-cr-00059-JPJ-PMS   Document 93   Filed 08/14/06   Page 2 of 8   Pageid#: 182

with major depressive disorder and severe anxiety disorder. During the course of her treatment, the majority of her counselors attributed her depression to the death of her brother and two close friends.

The defendant also has a serious and extensive history of substance abuse. She has experimented with various drugs, including marijuana, cocaine, methamphetamine, prescription medication, mushrooms, and LSD. She admitted to being a regular user of marijuana from the age of 15. In addition, she began using methamphetamine at the age of 19 and quickly became addicted to it and was a daily user of methamphetamine until her arrest. In spite of this history, she has never received any substance abuse treatment.

Wyatt graduated from high school in 1999. School records revealed that she graduated with a cumulative grade point average of 2.0 and ranked 67th out of a graduating class of 79. In addition, Wyatt attended a public vocational school after high school and received clerical training. She has had a variety of jobs, including waitressing. She has never married and has no children.

Wyatt's prior criminal record is minor. In 2001 Wyatt was convicted of a misdemeanor as a result of a family quarrel in which she punctured a tire on her aunt's car. Although the tire was fixed, the aunt later decided to press charges and

Wyatt was placed on probation. A few months later she was convicted of shoplifting an item worth $9.78 from Wal-Mart and fined.

Several months before the events in question in this case, Wyatt became romantically involved with Craig Allen Widener, one of her co-defendants. Widener, eight years older than Wyatt, has a prior record of drug convictions. Wyatt fell in love with him over her parents' objection—he is married and while they were together, he supplied her with methamphetamine. Several days before February 28, 2005, Wyatt rented a room at the Budget Inn in Marion, Virginia, for her and Widener. She rented it under an assumed name in order to hide their tryst from Widener's wife. At some point they were joined by co-defendant Jeffery Wayne Marshall, a drug customer of Widener's. Widener and Marshall began making methamphetamine in the motel room and after a first "cook," they asked Wyatt to go out and purchase a gallon of iodine, matches, and pseudoephedrine tablets. During a second attempt to manufacture methamphetamine by Widener and Marshall a fire occurred in the motel room, eventually resulting in extensive damage to the motel.

Attempts to locate the defendants were unsuccessful until March 5, 2005, at which time Widener and Wyatt were found in a hotel in near-by Bristol, Virginia. At the time of Widener's arrest, he was suffering from burns on his upper torso and arms. Although Widener did not provide police with information regarding the incident,

- 4 -

Case 1:05-cr-00059-JPJ-PMS   Document 93   Filed 08/14/06   Page 4 of 8   Pageid#: 184

Wyatt gave them a statement confessing the events and her involvement. The other man, Marshall, left the area and was eventually arrested on May 8, 2005, in Virginia Beach, Virginia. Although he did not provide authorities with a statement at the time of his arrest, he later provided a statement indicating that for the last two years, Widener had been his source of methamphetamine and that this was the first occasion that he had been involved in the manufacturing of methamphetamine.

Wyatt's co-defendants pleaded guilty. Widener, her boyfriend, was sentenced to 121 months imprisonment. Marshall was sentenced to 48 months, after a motion by the government for a downward departure based on his assistance in the prosecution of his co-defendants.

Wyatt was released on bond after her arrest and signed a plea agreement. However, on the day that her plea was to be taken, February 6, 2006, she did not appear in court and an arrest warrant was issued for her. The deputy United States marshal assigned to her case learned that she was likely in the company of a friend who had relatives in the Houston, Texas, area. Her companion's parents were advised to contact Wyatt, which they did. On February 18, 2006, Wyatt called the deputy marshal from Texas and agreed to be arrested and returned to Virginia. She was thereafter detained and entered into a superceding plea agreement.

While the Sentencing Guidelines are not mandatory, *United States v. Booker*, 125 S. Ct. 738, 745 (2005), I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004). *Id.* at 767. The Fourth Circuit has mandated the following process that a district court in this circuit must follow in order to comply with *Booker*:

> First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law . . . . If an appropriate basis for departure exists, the district court may depart. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a "variance sentence"). The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range.

*United States v. Moreland,* 437 F.3d 424, 432 (4th Cir. 2006) (alterations, internal quotation marks, and citations omitted).

Under § 3553(a), I must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to

provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a). The sentence imposed must be sufficient, "but not greater than necessary, to comply with these purposes. *Id.*

While the youth of the defendant is not normally relevant in a departure under the guidelines, *see* USSG § 5H1.1, it may be an appropriate factor to consider under § 3553(a). *See United States v. Frye*, 370 F. Supp. 2d 495, 497 (W.D. Va. 2005). Moreover, the effective treatment of the defendant while incarcerated is a statutory consideration for the sentencing court, *see* 18 U.S.C.A § 3553(a)(2)(D), and I have recommended that the defendant receive residential substance abuse treatment while in prison, under the provisions of 18 U.S.C.A. § 3621(e) (West 2000). There is evidence that drug treatment for youthful offenders may be relatively effective. *See Frye*, 370 F. Supp. 2d at 497.

The defendant's documented psychiatric history, together with her untreated and long-standing drug abuse, helps explains (although it does not excuse) her terrible choices evident in this case. While her conduct certainly makes her guilty as charged, her relative lack of culpability, along with her youth and family support, make a significant difference in the defendant's case, in light of the factors set forth in § 3553(a). Exposure to drug treatment while incarcerated, together with careful

supervision after release from prison, may change the course of the defendant's life. She should be sentenced to a term of imprisonment that recognizes the gravity of her criminal conduct, and permits a proper course of drug treatment, while at the same time allowing her the opportunity for reentry into society within a reasonable time.

In summary, I find that a sentence within the applicable guideline range, even with a departure based on the guidelines, does not serve the factors set forth in 18 U.S.C.A. § 3553(a). A sentence of 60 months imprisonment serves those factors in that it is sufficient to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. At the same time, such a sentence allows for adequate substance abuse treatment of the defendant while she is incarcerated. The sentence also reflects the nature and circumstances of the offenses and the history and characteristics of the defendant, in particular her youth, mental impairment, family support, history of substance abuse, and relative culpability.

DATED: August 14, 2006

/s/ JAMES P. JONES
Chief United States District Judge